# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE-OPELOUSAS DIVISION

Donald Domingue                         Civil Action No. 6:00-cv-2745

versus                                  Judge Tucker L. Melançon

Sean J. Coughlin, et al.                Magistrate Judge Hill

**MEMORANDUM RULING**

Before the Court is plaintiff's Motion to Confirm in Part and Vacate in Part an arbitration award [Rec. Doc. 31], defendants' Opposition [Rec. Doc. 36], plaintiff's Reply [Rec. Doc. 44], and defendants' Sur-reply [Rec. Doc. 47]. For the reasons stated, plaintiff's Motion will be denied.

*I. Background*

Donald Domingue initially filed suit in this matter on December 19, 2000 against defendants Sean Coughlin and Citigroup Global Markets, Inc. (f/k/a Salomon Smith Barney) alleging detrimental reliance, unfair trade practices, unjust enrichment, penalty wages, and attorney malpractice. The Court ordered arbitration on May 11, 2001[1] [Rec. Doc. 30]. On June 11, 2001, plaintiff commenced an arbitration

---

[1] The Court further held that the arbitration was subject to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*.

1

proceeding against the defendants by filing a Statement of Claim with the National Association of Securities Dealers (NASD) - Dispute Resolution, Inc. (*Arbitration No. 01-03076*). On July 19, 2005 a NASD Dispute Resolution panel issued an Arbitration Award dismissing all of plaintiff's claims, with prejudice. On August 5, 2005 plaintiff moved to re-open this matter and to confirm the arbitration award in part as to certain record expungements and vacate the award in part as to Coughlin's liability for attorney malpractice[2] [Rec. Doc. 31]. On August 17, 2005, plaintiff's Motion to Re-open the case was granted [Rec. Doc. 32].

## II. Standard of Review

Matters subject to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*, may be vacated for reasons including corruption, fraud, partiality on the part of the arbitrators, arbitrator misconduct, or arbitrator abuse of power. 9 U.S.C. § 10. The Fifth Circuit has also recognized the district court's authority to vacate an arbitration judgment when the arbitration panel committed "manifest disregard of the law" or acted in a manner "contrary to public policy." *Kergosien v. Ocean Energy, Inc.*, 390 F.3d 346, 353 (5th Cir. 2004). The standard of review of an arbitration award is a highly deferential one. *Anderman/Smith Operating Co. v. Tennessee Gas Pipeline*

---

[2] Plaintiff did not dispute the panel's determination to dismiss with prejudice all causes of action against Salomon Smith Barney.

*Co.*, 918 F.2d 1215, 1218 (5th Cir. 1990). The district court's standard of review of an arbitration award, under the Federal Arbitration Act (FAA), "has been called the narrowest known to the law." *Prescott v. Northlake Christian School*, 141 Fed.Appx. 263, 270 (5th Cir. 2005) (citing *ARW Exploration Corp. Aguirre*, 45 F.3d 1445, 1462 (10th Cir. 1995)). "Established law ordinarily precludes a court from resolving the merits of the parties' arbitration dispute on the basis of its own factual determinations, no matter how erroneous the arbitrator's decision." *Kergosien* at 358. "If an arbitration award is rationally inferable from the facts before the arbitrator, the award must be affirmed by the reviewing court." *Id.* at 353. "Courts . . . have no business weighing the merits of the grievance [or] considering whether there is equity in a particular claim." *Major League Baseball Players Ass'n. v. Garvey*, 532 U.S. 504, 510 (2001) (quoting *United Paperworkers Int'l. Union, AFL-CIO v. Misko, Inc.*, 484 U.S. 29, 37 (1987)).

### III. Law and Analysis

#### A. The Arbitration Panel did not Act with Manifest Disregard of the Law.

In his supporting memorandum, Domingue alleges that the NASD arbitration panel acted with manifest disregard of the law in two respects, as it determined the validity of his legal malpractice claim against Sean Coughlin. First, plaintiff avers that the panel erred in adding malice as a necessary element in sustaining a legal

3

malpractice claim under Louisiana law. Second, plaintiff contends that the panel erred in failing to shift the burden of disproving causation to the defendant.

In Louisiana, a legal malpractice claim requires proof of: (1) existence of an attorney-client relationship; (2) negligent representation by the attorney; and (3) loss to the client caused by that negligence. *Costello v. Hardy*, 864 So.2d 129, 138 (La. 2004). Initially, the plaintiff must establish that an attorney-client relationship existed and that the attorney was negligent. *Jenkins v. St. Paul Fire & Marine Ins. Co.,* 442 So.2d 1109 (La. 1982). Upon proving these two elements, the burden then shifts to the defendant to disprove that the culpable attorney's negligence did not proximately cause a loss to the client. *Id.*

In its Statement of Award, the panel concluded:

> Because Claimant ultimately did not participate in the Chiasson Settlement, and because he suffered no other loss directly attributable to Respondent Coughlin's actions or lack thereof, and because the Panel finds that Respondent Coughlin did not act with malice toward Claimant, the Panel finds that whatever error Respondent Coughlin committed is insufficient to justify a finding of attorney malpractice, and therefore, these claims are dismissed as well. (*Arbitration Award*, p. 2).

The panel's finding that Coughlin did not act with malice is of no consequence. The panel's decision to dismiss the malpractice claim rests upon the absence of any loss suffered by Domingue. Therefore, the inclusion of malice is harmless. Manifest

4

disregard of the law "means more than error or misunderstanding with respect to the law." *Brabham v. A.G. Edwards & Sons, Inc.*, 376 F.3d 377, 381 (5th Cir. 2004). Accordingly, the panel's error in adding malice to a legal malpractice action is not grounds for vacating the arbitration award.

Similarly, plaintiff's allegation that the panel erred in failing to shift the burden of disproving causation to the defendant is without merit. As previously stated, the panel concluded that plaintiff's malpractice claim failed because Domingue did not suffer any loss as a result of "Coughlin's actions or lack thereof." (*Arbitration Award*, p. 2). Assuming, *arguendo*, that the panel did not properly apply Louisiana's malpractice law, vacatur is still inappropriate absent a showing that the arbitration panel knew of the governing legal principle, yet refused to apply it or ignored it altogether.[3] *Brabham* at 281-82. With little more than the recitation of the merits of his case, plaintiff fails to establish that the panel intentionally rejected or ignored the law. Accordingly, the panel's misapplication of the burden shifting mechanism utilized in malpractice cases is not appropriate grounds for vacating the arbitration award.

---

[3] The Court need not rule on whether the panel ultimately erred in its application of burden-shifting. The Court does not need to. Indeed, the Court notes each parties' opportunities before, during, and after the arbitration hearings to present information concerning how Louisiana malpractice law operates.

5

*B. The Court Confirms the Arbitration Panel's Award in its Totality.*

As required by the Arbitration Award and as requested by the parties in whole or in part, the Court will confirm the panel's conclusions.[4] Accordingly, the plaintiff's request for confirmation of the expungement of his U-4 and U-5 Forms, as detailed in the panel's award, will be granted. Additionally, the panel's findings and conclusions to dismiss Domingue's claims against Salomon Smith Barney for unfair trade practices, unjust enrichment, and penalty wages and Domingue's claims against Coughlin for attorney malpractice will be confirmed in its entirety.

*IV. Conclusion*

Plaintiff's allegations that the arbitration panel acted with manifest disregard for the law are without merit. The Court finds that any errors that the panel may have committed were harmless and do not warrant vacatur. "Whatever indignation a reviewing court may experience in examining the record, it must resist the temptation to condemn imperfect proceedings without a sound statutory basis for doing so." *Prestige Ford v. Ford Dealer Computer Services, Inc.*, 324 F.3d 391, 394 (5th Cir. 2003). Accordingly, the Court will deny the plaintiff's Motion to Vacate in Part and Confirm in Part. Further, the Court will Confirm in whole the award determinations

---

[4] In the Opposition, defendants' moved the Court to "confirm all aspects of the Award and deny Plaintiff's request to vacate a portion of the Award." (*Opposition*, p. 1).

made by the NASD arbitration panel.